UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re Search Warrant for  :

    6215 14th Street, N.W  :
    Washington, D.C.  :
        No. _____
    :
        **UNDER SEAL**

GOVERNMENT'S MOTION TO SEAL AFFIDAVIT IN SUPPORT
OF SEARCH WARRANT, AND MEMORANDUM IN SUPPORT THEREOF

    The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court for an order directing that the affidavit in support of the search warrant for the premises known as 6215 14th Street, N.W., Washington, D.C. and all related papers, be placed under seal until further order of the Court. In support of its motion, the government states as follows:

    1.    Courts have inherent power to control access to papers filed with the courts. Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978) (common-law right to inspect and copy judicial records is not absolute, but the decision whether to permit access is best left to the sound discretion of the trial court in the light of the relevant facts and circumstances of the particular case). Pursuant to this inherent power, courts may order the sealing of search warrant affidavits and related papers. See, e.g., In re Sealed Affidavit(s) to Search Warrants, 600 F.2d 1256, 1257 (9th Cir. 1979) (finding that the court has inherent power to seal search warrant affidavits).

    2.    Courts have traditionally been "highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal." Times Mirror Co. v. United States, 873 F.2d 1210, 1214 (9th Cir. 1989). Therefore, courts have routinely granted government requests to seal warrant materials where there is a need for secrecy. Id.[1] While courts may disagree whether there even exists a qualified right under the common law or the First

---

[1] Sealed search warrant materials have been treated as the functional equivalent of grand jury materials in their shared need for secrecy. Times Mirror Co. v. United States, supra, 873 F.2d at 1215, 1219 n.13.

Amendment to access to sealed search warrant materials,[2] courts are in general agreement that a movant is not entitled to access to sealed search warrant materials if disclosure would compromise an ongoing investigation, or endanger witnesses. See, e.g., id. at 1212-1221 ("warrant proceedings and materials should not be accessible to the public, at least while a pre-indictment investigation is still ongoing"); Baltimore Sun Co. v. Goetz, 886 F.2d 60, 64 (4th Cir. 1989) ("the need for sealing affidavits may remain after execution and in some cases even indictment"); In re Search Warrants for National Builder Corp., 833 F.Supp 644, 645-646 (N.D. Ohio 1993) (grand jury target was not entitled to the unsealing of a search warrant affidavit if it would compromise an ongoing investigation).

3.    As the affidavit in support of the search warrant makes clear, the government is investigating armed bank robberies committed by ROBERT LEE FOSTER. He is charged in this court with a bank robbery committed in the District of Columbia on October 26, 2006, as well as with robberies in the State of Maryland and warrants for his arrest are outstanding. To date FOSTER has evaded apprehension by law enforcement.

4.    If the information provided in the affidavit in support of the search warrant were revealed to general public, whether by means of publication of the material on the Internet or otherwise, it is likely that the existence of the search warrants would become known and the bank robbery investigations would be compromised by the destruction of evidence and /or the flight of the subject of the arrest warrants. Such considerations provide compelling reasons for the sealing of the affidavit and related documents at this time. See Post v. Robinson, 935 F.2d 282, 289 & n.10 (D.C. Cir. 1991).

---

[2]    See, e.g., Times Mirror Co. v. United States, supra, 873 F.2d at 1212-1221 (9th Cir. 1989) (no right of access to sealed search warrant materials exists under the First Amendment, the common law, or Fed. R. Crim. P. 41(g)); Baltimore Sun Co. v. Goetz, 886 F.2d 60, 64 (4th Cir. 1989) (no First Amendment right of access, but qualified common law right of access); In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988) (qualified First Amendment right of access).

WHEREFORE, for the foregoing reasons and any other such reasons as may appear to the Court, the government respectfully requests that its motion be granted.

                                Respectfully submitted,

                                JEFFREY A. TAYLOR
                                United States Attorney

BY:

                                _____
                                PATRICIA STEWART
                                Assistant United States Attorney
                                D.C. Bar No. 358910
                                555 Fourth Street, N.W. Room 4272
                                Washington, D.C.  20350
                                (202)514-7064

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re Search Warrant for  :

    6215 14th Street, N.W  :
    Washington, D.C.  :
                            No. _____
                        :
                            **UNDER SEAL**

**ORDER**

    _____UPON CONSIDERATION of the government's Motion to Seal Affidavit in Support of Search Warrant, for the reasons set forth in the government's motion, and for good cause shown, it is this _____ day of January, 2006,

    ORDERED, that the affidavit submitted in support of a search warrant in this case and all related papers be placed under seal until further order of the Court.


                                              DEBORAH A. ROBINSON
                                              United States Magistrate Judge